MONTGOMERY VS. BREED.

|  34  | 649 |
|------|-----|
| e116 | ¹646 |

(1) *Ch.* 93, *Laws of* 1870, *construed.* (2) *Constitutional Law : Penalty imposed on owner of property, unlawfully permitted to run at large.*

1. Ch. 93, Laws of 1870, which imposes penalties upon the owner of certain animals " who shall *permit* or for any reason *suffer* the same to run at large," does not apply to a case where such animal escapes from the owner's inclosure, and is at large when taken up, without any fault of the owner.

2. Section 9 of said act permits the finder of such animal to recover its value from the owner, when the latter has taken it from the finder's possession without his consent and without paying all lawful charges. Whether this provision is valid, is not here decided.

3. But where, in an action to recover such value, the undisputed facts show that the animal, when taken up, was at large without fault of the owner, a verdict against him for its value should be set aside.

APPEAL from the Circuit Court for *Outagamie* County. This action was commenced before a justice of the peace in Calumet county. The complaint alleged that, on etc., in said county, defendant did permit and suffer a certain bull over one year old, the property of said defendant, to run at large, contrary to the provisions of sec. 1, ch. 93, Laws of 1870; that on the same day plaintiff took up such bull (while so running at large), as provided by sec. 9 of said act, and secured him in the stable of one Holbrook; that on the same day the defendant, unlawfully and without plaintiff's consent, and without first paying plaintiff $5, as required by sec. 2 of the act, that being the amount of the lawful charges incurred by him in relation to said animal, took the bull from plaintiff's possession ; that the value of the bull was seventy dollars, and that defendant, by reason of the premises, became indebted to plaintiff in that sum, under sec. 9 of the same act, no part of which sum had been paid, etc. The answer was a general denial. The plaintiff had a verdict and judgment in the justice's court for $35 dam-

ages, and $57.47 costs; and appealed from such judgment to the circuit court for the same county, where a change of venue was obtained to the circuit court for Outagamie county. In the latter court plaintiff had a verdict for $25 damages; a new trial was denied; and from a judgment on the verdict defendant appealed.

The questions presented by the record on appeal to this court, and the chief grounds of objection to the judgment urged by the appellant's counsel, will sufficiently appear from the opinion.

*Ed. S. Bragg*, for appellant.

*Priest & Carter*, for respondent, argued that although it may be said to be a harsh rule to take the value of a man's property from him because he allows it to run at large, yet it would be a harsher rule to say that the great and varied interests of many citizens in stock raising shall not be adequately protected; that the value of such animal bears no comparison to the damage it may do in a single day; that under the statute defendant had it in his power to pay the small amount of charges and obtain lawful possession of his property; that this is not in fact merely a question of penalty upon the owner for permitting the animal to run at large (which distinguishes the case from *Dutton v. Fowler*, 27 Wis., 427), but concerns the protection afforded by the statute to one who has acquired a lien upon the property for his expenses and the value of his services in relation thereto; and that the case resembles that of the penalty of $100 imposed by statute upon a mortgagee who refuses to satisfy a mortgage when fully paid. *Stone v. Lannon*, 6 Wis., 497. See also *Ford v. Ford*, 3 Wis., 399; *Carter v. Dow*, 16 id., 302, 566, and cases cited; 27 id., 432.

COLE, J. We think the circuit court erred in not granting the motion for a new trial. The verdict is unsupported by the evidence, and is directly in conflict with the instructions of the court, which contain a correct exposition of the statute under

which the action is brought. That law (ch. 93, Laws of 1870), is entitled "an act for the improvement and raising of stock," and prohibits certain male animals from running at large, under the penalty therein prescribed. The plaintiff took up a bull belonging to the defendant, which he claimed was running at large in violation of this statute. The defendant, without the consent of the plaintiff, and without paying any penalty or charges, took the animal from the barn where it was confined; and the action is brought under section 9 to recover the value of the animal.

The uncontradicted evidence in the case shows, that without any fault or negligence on the part of the defendant, the animal escaped from his inclosure into the highway, and followed off other cattle passing along the highway; and that as soon as the defendant learned that the animal was at large, he took prompt· means to recapture it. But before the defendant's servant found the animal, the plaintiff had seized it and shut it up in the barn whence it was taken. The court charged the jury that unless they should find that the defendant permitted or suffered the bull to run at large, or if the bull escaped from the defendant's inclosure without his fault, and the defendant made all reasonable efforts to recapture him before taken, then the statute did not apply, and there could be no recovery in the action. These instructions were excepted to by the plaintiff. The plaintiff likewise requested the court to charge as follows: "If you find that the plaintiff found defendant's bull, over one year old, running at large, and that the plaintiff took him up and secured him in a secure place, and the defendant, on the same evening, without the knowledge or consent of the plaintiff, the finder, came in the night time and took away said bull, without paying the lawful charges incurred or offering to pay them, then the plaintiff is entitled to recover the value of the bull as proven." This instruction the court gave, with the modification, " unless you find that the bull was at large without any fault of the defendant."

It will be seen at once what view the learned circuit judge took of the statute. He held that where the animal escapes from the owner's inclosure without any fault or negligence on the part of such owner, and where every reasonable effort is made to recapture the animal as soon as its escape is known or discovered, to such a case the statute was never intended to apply. It seems to us that this construction is correct. It is unreasonable to suppose that the legislature intended the statute to include an escape of an animal from the inclosure against the wish of the owner, who has exercised all reasonable care and vigilance to keep it upon his own premises. The language is, that the owner of any stallion, bull or boar, " who shall *permit* or for any reason *suffer* the same to run at large," shall incur the penalties of the act. The words used imply a choice or design on the part of the owner to allow the animal to go at large, when he might restrain and keep it in his own premises or within a proper inclosure. In this case the evidence all shows that the animal escaped from a proper inclosure against the wish of the owner, and without any fault on his part. In no correct sense did the owner *permit* or *suffer* the bull to run at large; but he used all reasonable means to prevent its doing so. And as there was no dispute or conflict in the testimony upon this point, the court should have set aside the verdict as not warranted by the facts proven.

It was claimed by the counsel for the defendant, that section 9, which fixes the value of the property as the measure of recovery by the finder, when the animal is taken away without his consent and without first paying all lawful charges incurred in relation to the same, is void. That provision, he insists, is in the nature of a penalty or forfeiture of property; and he argues that under the constitution and according to the decision in *Dutton v. Fowler*, 27 Wis., 427, it can only be sustained by devoting the payment of the clear proceeds of the recovery to the school fund, instead of giving the amount to the finder. We do not, however, deem it necessary to enter upon an exam-

ination of that question at the present time, since it is perfectly obvious that the facts do not bring the case within the section, even if it is a valid provision. The right to declare a forfeiture of property where animals forbidden by this law to run at large are allowed or permitted by the owner to do so, is doubtless the exercise of a very high and delicate police power of the state. It is so high and delicate that a case ought to be brought clearly and plainly within the provision before a court is called upon to enforce the forfeiture. We are quite well satisfied that the legislature never intended the law should apply to a case like the one before us, for the reasons already given.

*By the Court.* — The judgment of the circuit court is reversed, and a new trial awarded.