CATHERINE ROGERS v. TOWN OF SWANTON.

*Injury on Highway.    Parol Evidence of Contents of Lost Notice.
Practice.*

1. Where the notice to the selectmen was lost, it was proper to submit to the jury to find from parol evidence what it contained as to injuries received; and it was error not to submit to the jury to find what it contained as to the place of injury; but under the circumstances of this case the error was harmless, so the defendant takes nothing by its exception.
2. The notice designated the place of injury with sufficient certainty.
3. There was no error in allowing the jury to consider testimony given as to what the notice contained in regard to injuries, although this testimony was given to the court while it was determining what the notice contained in regard to the place of injury.
4. The evidence of what the notice contained could not properly be considered by the jury on the question of the condition of the road, or how the accident happened; but the probability of their making such improper use of it was so remote that the court was not bound to guard against it.
5. It was proper to admit evidence as to all injuries that the testimony tended to show were described in the notice.
6. Distance must yield to a more definite description by reference to natural objects; hence, testimony to show that the distance between a certain mill and the place where the plaintiff claimed the accident happened was one and one fourth of a mile, was properly excluded.
7. The accident happened on the 20th of August; evidence as to the condition of the road on the first Sunday of the same month was admissible, it not appearing that there was any substantial change in the highway.
8. It was proper to show that one of the defendant's witnesses, who had given testimony tending to prove that the road was in good condition, had said that the plaintiff was " a fool if she did not sue," and that the " road was bad and no one could deny it."
9. The charge of the court as to the care, prudence, and negligence of the plaintiff is sustained.

CASE, injury on a highway.    Trial by jury, September Term, 1881, ROYCE, J., presiding.    Verdict and judgment for the plaintiff.

It appeared that the notice given by the plaintiff to the defendant was lost.    The court ruled that parol evidence was admissible to show what the notice contained as to the place where the accident occurred ; and that what it contained, and its sufficiency, was exclusively for the court to decide ; to which the defendant excepted.

The only evidence as to what the notice contained in regard to place of the injury, was that of Edward Rogers and W. H. Fairchild, which was received by the court, subject to the defendant's objection and exception, and was as follows:

*W. H. Fairchilds.*—I drew up the notice that evening. I stated in that notice the time when the injury was received, which was 19 days before that. I stated where the injury happened, being on the road leading from the Aldis place, known as the old factory place. I think I gave the directions of the road leading from there to St. Albans; there were the two general points ; upon inquiry I ascertained there were three sluiceways or culverts between this place and the top of a certain hill leading from this factory place to St. Albans; on the top of the hill there was a culvert, and somewhere down about the middle of the hill there was another culvert; the accident happened, as I stated in that notice, between those two culverts, at a point between those positions where a ledge extended across the highway; I also stated wherein the road was insufficient, that it was narrow, and on one side of the ledge the water had run and gullied it out ; . . . .

*Mr. Royce.*—That the water had gullied out on one side, and what ?

*Witness.*—And the road was very narrow—just room for one team to pass, there being no ditches on either side of the road, and each side was elevated above the road bed, and one side there was a rock, and trying to avoid that rock, the injury happened in that way; that is, substantially, the location of the place I gave. I did give a statement of the distance, I don't recall what I said, a quarter of a mile, or half a mile, or three quarters, I stated one of those three, from the residence of this Miss Rogers. My impression is that in stating the injuries, she was injured and bruised on the head and shoulders, back and side, etc.—probably more extensive than that: I think I stated which side, but I dont't recollect now which side it was.—Any statement of injury to her limbs ? I probably did, but I am not certain.

*Mr. Royce.*—What is your impression ?

My impression is that I did, as I took a detailed statement from Mr. Rogers at the time of the injuries that were received, and the location of the place; then I had our last statute on the subject, and I dictated the terms or the wording of the notice to Mr. Frank Northrop, who was reading in my office at the time, and he did the writing, and I dictated from those minutes and from the statute.

State as to what was said in the notice about a claim being made for satisfaction and damages ? Yes sir, we made a claim for damages in the notice.

*Edward Rogers.*—Won't you state, Mr. Rogers, to the best of your ability, what that notice was, or the substance of it, as to the place, time of injury, and the nature of the injury. As to the place first?

Ans.—The place was on the road from the old factory (the Gadcomb-Aldis factory) to the town of St. Albans; the place was between the Gadcomb-Aldis factory and the Brainard mill, the road in the town of Swanton, on the second hill from the Gadcomb factory between the wooden culverts, one at the bottom of the hill and one on the top, and the woods that were along the road on the north side.

*Mr. Royce.*—You was speaking about a ledge.

*Witness.*—That this ledge projected into the road where the water had run over and gullied out below it, and this stone in the side of the road where the wagon struck against, and tipped them out.

Anything about distance ?   Ans. The distance—it was one quarter of a mile from the Aldis-Gadcomb place to this place, and three quarters of a mile from the Brainard mill.

Now what about the injuries set up in the notice ?   Ans. The injuries were that she was—her whole left side was injured, partly paralyzed, that she had received a breach, that she had received injury in the head, that she was hurt internally, her heart was affected, that she had received bruises, that there were three of her ribs broken, and three of her teeth knocked out.  . . . .

There was a claim for damages.

*R. O. Sturtevant,* agent of the defendant town.  . . . .  Was there anything in that notice—any claim for damages for teeth knocked out ? There was not anything in the notice to that effect.

Was there anything in the notice stated, about there being a breach ? Nothing of that kind used in the notice whatever.

Have you any recollection as to whether or not there was anything said about any injury to the ribs ?   It would be my recollection that there was not anything in the notice in reference to injury to the ribs, using the word ' ribs.'

The court held that the notice was sufficiently definite as to the place.    The accident happened on the 20th day of August, 1879. Augusta Barry was allowed to testify to the condition of the road on the first Sunday of the same month.

The defendant offered as a witness Amos Robinson, a surveyor who had measured the distance from the place where the plaintiff claimed to have been injured to Brainard's mill, and offered to show that the distance between said points was one and one fourth mile.    The court excluded the evidence.

The only evidence introduced by the plaintiff tending to show the description of the injuries contained in the notice, was that of W. H. Fairchild and Edward Rogers.

This evidence was received subject to the defendant's objection and exception with the evidence of the description contained in the notice of the place at the time the court was hearing the evidence upon the question of the sufficiency of the notice as to place.

The only evidence as to notice given subsequent to the decision of said question, and after the court proceeded to trial before the jury, was that of R. O. Sturtevant, a witness on behalf of the defendant.

First request:

The defendant requested the court to charge the jury that they had no right to consider the evidence of Fairchild and Rogers as to what the notice contained upon the question of the condition of the road, or how the accident happened, but might consider the evidence of Sturtevant as to what the notice contained, for the purpose of contradicting plaintiff that the accident happened in any other way than running against the stone, and than by throwing the plaintiff from the wagon. The court declined to charge as requested; but submitted the evidence of Fairchild, Rogers and Sturtevant, as to what the notice contained as to injuries to the jury, to which the defendant excepted.

The plaintiff's evidence tended to show that she was thrown out of the wagon, striking upon her left side and shoulder; that three teeth were knocked out, her head was bruised, her back and shoulder were injured so that she could not raise her arm, nor dress herself; that two of her ribs were broken, and that she sustained a breach on her left side; that her hip was injured; that her back and kidneys were weak, and that she was unable to retain her urine.

Second request:

If the jury find that the plaintiff, or the boy who was driving the team, was not in the exercise of ordinary care and prudence in driving the team over the place in question, and that such want of care and prudence contributed in any degree to the accident, the plaintiff could not recover.

The court charged as to the second request:

"That is conceded on both sides to be sound law. Now this is a question of fact for you to find: was she wanting in that ordinary care and prudence in passing this, what is claimed to be defective portion of that highway? and did that want of care and prudence contribute, even in the slightest degree, to the happening of this injury? . . . There is no complaint but that the wagon was safe to use in the way and for the purpose this wagon was used; but the claim is that the fault was in the driving; and the defendant claims that from the evidence there is in the case, aided by your observation of the character of the road, as you have seen it, and as its condition has been described to you at the time of the happening of this accident, that there was fault in the driving of the team. . . . It is claimed on one side that the proof is full; that there was that degree of care and prudence

that the law requires ; and upon the other hand, from the facts and circumstances, the kind of road they were travelling, and the description of the road as it then was, that there must have been a want of care and prudence for this accident to have happened. I pass this question with these observations. It is for you to find, from all the evidence, whether or not there was that degree of care and prudence which I have instructed you the law requires in the management and driving of that team, or whether there was not. If there was, then that should be found for the plaintiff. If there was not, and you should find that the want of that degree of care and prudence contributed, even in the slightest degree, to the happening of this accident, then the plaintiff is not entitled to a verdict at your hands."

Charge of the court as to the notice :

" This question of the kind of notice given is left very loosely. It is the first case I have had experience with where the notice itself was lost, and no copy was reserved, so that it rests in the recollection of witnesses, and is left in a loose, unsatisfactory manner. Hence we have to ascertain, as best we can, from such evidence as we have here on the stand, as to what there was in that notice. I am disposed to leave that as a question of fact for the jury. The evidence is conflicting ; and the Supreme Court has not yet held that such a question may not be left to the jury ; and it strikes me it is an eminently fit and proper question to be submitted to the jury as to what that notice was. To be sure, I shall give you some instructions in relation to it, as far as the law is concerned ; but I shall leave it for you to determine, under such instructions as I may give you, as to what there was in that notice having reference to these bodily injuries. And in this matter I will read to you the evidence upon that matter."

The court then read the evidence of Mr. Fairchilds relative to the injuries in the notice.

" He describes in the first place that she was injured in the breast, head and shoulders. I think that would be sufficient to entitle her to recover for any injury or bruise to the head and shoulders ; ' back and side '—I think if you were to pass upon this, and say that was the exact notice that was given, that she would be entitled to recover for injuries or bruises to the back and side. Mr. Fairchilds does not recollect anything more particularly that he did describe in the notice, as constituting her injuries. The rest is a matter of impression."

The court read the testimony to the jury of Rogers and Sturtevant.

*R. O. Sturtevant, Burt & Hall* and *Wilson & Hall*, for the defendant.

The written notice was. lost; what it contained and its sufficiency was a question of fact for the jury to determine, under proper instructions from the court. *Hill, Admr.,* v. *New Haven,* 37 Vt. 510 ; *Durgin et ux.* v. *Danville,* 47 Vt. 106 ; *Lindsay* v. *Lindsay,* 11 Vt. 626 ; *Hopkins* v. *Holmes,* 18 Vt. 22 ; *Kent* v. *Lincoln,* 32 Vt. 594 ; *Matthie* v. *Barton,* 40 Vt. 286.

The notice was insufficient, whether we adopt the version of of what it contained as testified to by Fairchilds or Rogers. The notice as detailed by either witness did not give the defendant equal knowledge with the plaintiff, or any means by which the defendant could ascertain the place where the accident happened. *Butts* v. *Stowe,* 53 Vt. 601 ; *Babcock et ux.* v. *Guilford,* 47 Vt. 523 ; *Holcomb et ux.* v. *Danby,* 51 Vt. 433 ; *Reed* v. *Calais,* 48 Vt. 7.

The court erred in allowing the jury to consider the evidence of Rogers and Fairchilds of what the notice contained as to injuries. This evidence was received when the court was considering the question of what the notice contained as to place, and was not given nor offered when the trial was proceeding before the jury.

Evidence of what the notice contained had no tendency to show what the condition of the road was, or how the accident happened. 9 Barb. 191 ; 4 Bennett's Ins. Cas. 464, 628. The testimony of Augusta Barry should have been excluded. 51 Vt. 139 ; 39 Vt. 252 ; 1 Greenl. Ev. s. 52.

*F. W. McGettrick* and *H. S. Royce,* for the plaintiff.

The opinion of the court was delivered by

Rowell, J. It was error for the court not to submit to the jury to find what the notice contained as to the place of injury. That was a question of fact for the jury to pass upon under instructions from the court. But the defendant was not injured by this error, as the testimony on this point was substantially concurrent, that offered by defendant not tending to show sufficient

to vitiate the notice. Judgment will not be reversed for error that is harmless. It was proper to submit to the jury to find what the notice contained as to injuries received. The testimony on this point was conflicting, and must necessarily be passed upon by the jury.

The notice designated the place of injury with sufficient certainty to fulfill the rule laid down in the reported cases on that subject, wherein the discussion is so full that nothing further need here be said.

There was no error in allowing the jury to consider the testimony of Fairchild and Rogers as to what the notice contained in regard to injuries. Although this testimony was given while the court was determining what the notice contained in regard to the place of injury, it must be presumed to have been given in the presence and hearing of the jury, and read to them only for the purpose of refreshing their recollection of it.

Defendant's first request was properly refused. It is true that evidence of what the notice contained could not properly be considered by the jury on the question of the condition of the road, nor how the accident happened, and the probability of their making such improper use of it was so remote that the court was not bound to guard against it in the charge. Sturtevant's testimony as to what the notice contained did not tend to contradict plaintiff's claim as to how the accident happened.

The court properly left it to the jury to find from the whole evidence on both sides what the notice contained as to injuries.

It is objected that it was error to admit evidence of injuries not *sufficiently* described in the notice. It was proper to admit evidence as to all injuries that the testimony *tended* to show were described in the notice, as it was for the jury to say what injuries were therein described, and it could not be known in advance what their finding would be on that point. No evidence was admitted as to injuries that the testimony did not tend to show were described in the notice, or that, for aught that appears, might not have resulted from such injuries. There was no error in this.

The testimony of Amos Robinson was properly excluded. The place of injury might have been a mile and a quarter from Brain-

ard's mill and yet the notice be sufficient. Distance must yield to a more definite description by reference to natural objects and the condition of the road, the same as in construing deeds, descriptions by courses and distances yield to more definite descriptions by metes and bounds.

There was no error in admitting the testimony of Augusta Barry. It must be presumed, nothing in the exceptions showing the contrary, that it appeared that the road remained in substantially the same condition down to the time of the accident. If it did, the testimony was proper.

Minor, the highway surveyor, testified that he was over the road the Saturday and the Sunday before the accident; that he trotted around the gully, and had no difficulty in getting by the stone. He described the gully, said it did not extend so far down as the stone, and that the road was some eleven or twelve feet wide at the stone. On cross-examination, for the purpose of impeaching him, plaintiff was permitted to show that he had said to Rogers and McGettrick that plaintiff was a fool if she did not sue, that the road was bad and no one could deny it. It was competent for plaintiff to show that the witness had made statements out of court inconsistent with his testimony, and this was what was permitted.

It does not appear from the exceptions that the court failed to instruct the jury on the question of care and prudence; but on the contrary, the exceptions show that the court said in the charge that it had so instructed them. Error must affirmatively appear. This court will presume that all necessary instructions were given unless the contrary is shown.

The court sufficiently instructed the jury that want of the requisite degree of care on the part of the boy would defeat plaintiff's recovery, if such want of care contributed to the happening of the accident.

Defendant's third request, and the others of similar character, were properly refused. Many attempts have been made in this class of cases to have the court rule as matter of law that some formulated statement would, if found, amount to such negligence as to defeat a recovery, but such attempts have been unsuccessful.

The question of contributory negligence is generally one of fact, to be determined by the jury upon a consideration of all the circumstances of the case. This rule is fully discussed and illustrated in *Hill* v. *New Haven*, 37 Vt. 501, 510.

The jury were properly instructed as to what injuries the plaintiff could recover for. Judgment affirmed.