GEORGE I. FLETCHER, EXECUTOR OF SARAH A. FLETCHER, *v.* O. W. FLETCHER'S ESTATE.

May Term, 1900.

Present : TAFT, C. J., ROWELL, TYLER, MUNSON, THOMPSON and WATSON, JJ.

Opinion filed May 23, 1900.

*Presumption of payment from lapse of time*—No presumption of payment arises as matter of law from the lapse of so short a time as ten years.
*Proper cross-examination*—See opinion.
*Petition for new trial*—*Remittitur*—On the hearing in the Supreme Court of a petition by a defendant for a new trial, the plaintiff was allowed to enter a remittitur of the amount of the item to which alone the evidence under the petition related, and to have the judgment below affirmed with the amount of damages so reduced.
*Costs*—On such disposition of the case the petition for a new trial was dismissed with costs to the petitioner.

APPEAL from the decision of commissioners on the estate of Ormond W. Fletcher prosecuted by George I. Fletcher, executor of the will of Sarah A. Fletcher. The declaration was in assumpsit. The general issue, payment, and other pleas were filed. Trial by jury, Windsor County, June Term, 1899, *Start*, J., presiding. Verdict and judgment for the plaintiff. The defendant excepted.

The action was brought to recover $245, claimed to have been received by Ormond W. Fletcher, as bailee, for the said Sarah in her life-time, and $183.88 claimed to have been received by him, in a like capacity, after her death for the executor of her estate. The verdict and judgment were for the amount of both sums with interest from October 1, 1898, with costs.

The witness Herrick, referred to in the opinion, was town treasurer of the Town of Chester during a time in which it was claimed that said Ormond W. Fletcher was loaning money to that town. He was called by the defendant.

A petition for a new trial brought by the defendant, and based on the ground of newly discovered evidence, was heard with the case on the exceptions.

The newly discovered evidence consisted of a series of checks and a memorandum making up the sum of $245, and tending to show the payment to the said Sarah A. Fletcher, in her life time, of the claim of $245, included in the entire claim sued on.

The plaintiff conceded that the evidence in support of the defendant's petition indicated the payment of the $245, as claimed by the defendant, and proffered a remittitur of that sum.

*Hunton & Stickney* for the plaintiff.

*Gilbert A. Davis* and *George A. Weston* for the defendant.

TAFT, C. J.  Two questions are raised under the exceptions.

I.  The first item sought to be recovered was less than ten years old and the court were requested to charge that payment might be presumed from lapse of time. The court omitted to so charge. If a presumption of payment ever arises as matter of law from lapse of time, it never does in so short a period as ten years. It does not arise, as matter of law, short of a period of twenty years; and even then it is but a presumption, subject to be removed by evidence. The request was properly denied.

II.  Herrick testified that during the time it was claimed Ormond was holding Sarah's money, he loaned money to the town, thereby rendering it improbable that he kept her money. The

cross-examination made it certain that the transaction was a loan, by showing that a note was given for the money and was an aid, instead of harmful, to the defendant. There was no error in permitting the cross-examination.

The petitionee concedes that in respect to the item of $245.00 included in the judgment a new trial should be granted, and proffers a remittitur of that sum from the judgment. There is no testimony in support of the petition for a new trial in respect to the sum of $183.88. Therefore if a remittitur is entered, judgment may be affirmed with damages of $183.88 with interest since 1 Oct., 1898, and costs—and ordered certified to the Probate Court.

*The petition for a new trial dismissed, with costs to the petitioner.*