## W. H. HOWRIGAN v. TOWN OF BAKERSFIELD.

October Term, 1906.

Present:   TYLER, MUNSON, WATSON, POWERS, and MILES, JJ.

Opinion filed November 6, 1906.

*Highways and Bridges—Insufficiency—Horses Traveling Unattended—Estrays Defined—Contributory Negligence—Question for Jury.*

The question of what is prudent and reasonable conduct, in a case depending upon a variety of considerations, facts, and circumstances, is one peculiarly for the consideration of the jury.

When the standard of negligence is not prescribed, and there is a combination of facts and circumstances relied upon to show negligence, the question becomes one of law only when those facts or circumstances are so decisive one way or the other as to leave no room for opposing inferences.

In an action against a town for injuries to plaintiff's unattended blind mare resulting from the alleged insufficiency of a highway bridge which defendant was bound by law to keep in sufficient repair, evidence examined and *held* that it could not be said, as matter of law, that plaintiff was guilty of contributory negligence.

Towns are bound to keep their highways in a reasonably safe condition with reference to such accidents as may fairly be expected to happen thereon.

Where horses or cattle escape from their owner's enclosure into the
.    public highway, without any fault on his part, they are not "at
     large" or "estrays" within the legal sense of those terms, and the
·    owner is entitled to have the town protect them as travelers.
*Russell* v. *Cone*, 46 Vt. 600, distinguished and explained.

CASE for injury to a horse caused by the alleged insuffi-
ciency of a highway bridge.    Plea, the general issue.    Trial
by jury at the March Term, 1905, Franklin County, *Rowell*, J.,
presiding.    Verdict and judgment for the plaintiff.    The de-
fendant excepted.    At the close of all the evidence defendant.
moved for a verdict on the grounds stated in the opinion.    Mo-
tion denied, to which the defendant excepted.    Thereupon the
parties agreed upon the amount of the verdict for the plaintiff.
The opinion fully states the case.

*Brigham & Start* for the defendant.

The defendant's motion for a verdict should have been
granted.    The injury resulted from the combination of condi-
tions outside of the highway and conditions within the limits of
the highway; and as the plaintiff is responsible for the former,
he cannot recover.    *Rowell* v. *Lowell*, 7 Gray 100; *Richards*
v. *Enfield*, 14 Gray 344; *Mobus* v. *Waitsfield*, 75 Vt. 122.

The defendant owed the plaintiff no duty in respect of the
mare.    At the time of her injury, she was an estray, and not
a traveler.    *Stickney* v. *Maidstone*, 30 Vt. 738.

The proximate cause of the injury was not the insuffi-
ciency of the bridge, but the negligence of the plaintiff.    This
being so, the plaintiff cannot recover.    *Baxter* v. *Turnpike*,
22 Vt. 114; *Hyde* v. *Jamaica*, 27 Vt. 443.

*F. S. Tupper* for the plaintiff.

The mare was not off the premises of the plaintiff, and so was not a trespasser.    44 Vt. 49; V. S. §4789; *Congdon* v. *R. R. Co.,* 56 Vt. 390; *Cressey* v. *R. R.,* 47 Am. Rep. 227; *Holden* v. *Shattuck,* 34 Vt. 336.

The fact that a blind person who was injured on the street was in the habit of going about unattended, and was well acquainted with the particular locality in which the injury occurred, shows absence of negligence on his part.    *Smith* v. *Weldes,* 143 Mass. 556; *Sleeper* v. *Landown,* 52 N. H. 244.

TYLER, J.    The case shows that a wooden bridge about twenty feet long, without guards or railings, was situated in defendant town between the plaintiff's farmhouse and a barway that led into his meadow.    On the day of the accident, Sept. 19, 1903, the plaintiff's son, who was his tenant, led two horses across the bridge to the meadow, a blind mare following them.    After turning them through the barway, without putting up the bars, he walked back towards the house, which was about twenty rods distant.    The mare soon left the meadow by the barway and followed Howrigan along the highway, and when he was five or six rods beyond the bridge, she, in attempting to cross it, walked off the ends of the planks, fell upon the rocks below and was injured.    Howrigan heard a noise, turned and saw her going off the bridge.    He testified that the bridge was not quite in line with the highway, and the mare not going upon it exactly in the middle, walked straight off.

At the close of the evidence the defendant moved the court to direct a verdict upon the grounds that it was contributory negligence in the plaintiff to leave the bars so that the mare could stray from the enclosure and upon the bridge; that it was contributory negligence in the plaintiff to allow the mare to stray along the highway without being driven or led by some

person, and that she was not a "traveler" upon the bridge, within the meaning of V. S. §3490, when the accident occurred.

1.   If Howrigan knew, or in the exercise of due care, should have known in season to prevent it, that the mare was following him upon the bridge without guidance and was likely to step off the side, he was guilty of contributory negligence.    The question is whether the court erred in overruling the motion and in submitting the case to the jury.   A consideration of the evidence, which is made part of the case, is necessary.

It appeared that the mare was used upon the farm in May and June and again a few days prior to the accident, in running a cream separator, and that when she was not at work she was allowed to run loose about the premises and to go to the brook by herself to drink; that she crossed the bridge often in drawing loads, and that she was in the habit of crossing it alone when not at work.    The plaintiff's son, Wm. P. Howrigan, testified that the mare would cross the bridge unattended.   The son Clyde testified that she was in the habit of crossing the bridge unguided.    In answer to a question by the presiding judge, he said: "We started her and she would go all right," which the jury might have understood to mean that the mare only had to be directed towards the bridge when she would cross without guidance.   If she was in the habit of crossing without guidance, that fact bore upon the question of Howrigan's negligence.

It appeared that the mare was not accustomed to work with the horses with which she was turned into the field, that they would fight her and that she would not stay with them; but Howrigan did not know whether they annoyed her on this occasion or not; he did not know that she was following him

until he heard her upon the bridge, which was about eight rods from the barway.

The Court said in *Hill, Admr.* v. *New Haven,* 37 Vt. 510, that the question of prudent and reasonable conduct, in a case depending upon a variety of considerations, facts and circumstances, is one peculiarly for the consideration of the jury. *Rogers* v. *Swanton,* 54 Vt. 585. Negligence is never presumed of any person, but must be proved.

Whether in the circumstances it was Howrigan's duty, in the exercise of the care of a prudent man, to have looked around and ascertained whether the other horses were annoying the blind mare and whether she was following him, was a question upon which fair-minded men might differ. The fact that Howrigan turned the mare into the meadow certainly tended to show that he wished and expected her to remain there until he should take her out. It was for the jury to decide whether he ought to have foreseen that she would follow him and run off the bridge. The habit of the animal in respect to finding her way alone, whether she was in the habit of following men, whether Howrigan should have anticipated that if she left the field she would go towards home, remain by the roadside or go in another direction, were matters for the consideration of the jury as bearing upon the question of contributory negligence. The court could not have held as a matter of law that he should have anticipated that the mare would immediately leave the meadow and follow him.

The following is the rule in this State: When the standard of negligence is not prescribed and there is a combination of facts and circumstances relied upon to show negligence, the question becomes one of law only when those facts and circumstances are so decisive one way or the other as to leave no reasonable doubt about it,—no room for opposing inferences.

*Worthington* v. *C. V. Ry. Co.,* 64 Vt. 107; *Magoon* v. *Railroad Co.,* 67 Vt. 177; *Kilpatrick* v. *Grand Trunk R. Co.,* 72 Vt. 268. We think it cannot be said that the facts and circumstances were so decisive of Howrigan's negligence as to bring the case within this rule.

2. The question whether the mare was a traveler or an estray upon the highway depended upon whether or not Howrigan was guilty of contributory negligence. If he was not, then the mare, having the instinct to return home, had a right to the highway as a traveler; but, if she was upon the highway through her keeper's negligence, she was not a traveler within the meaning of the statute, but an estray.

*Baldwin* v. *Greenwood Turnpike Co.,* 40 Conn. 238, is in point. There the plaintiff's horse, while being driven on a highway with due care, became frightened without the plaintiff's fault and ran off the highway across private property onto the defendant's turnpike, where he was injured by falling off a defective bridge which the defendant was bound to repair; held, that the defendant was liable. The court said that the defendant's negligence in not keeping the railings of the bridge in proper repair, combined with an accident for which the party was not responsible, was the cause of the injury. This Court said in *Kelsey* v. *Glover,* 15 Vt. 708, that towns were bound to keep their highways in a reasonably safe condition with reference to such accidents as might be expected to happen thereon.

The reasoning of the Court in *Russell* v. *Cone,* 46 Vt. 600, is not an authority for the defendant. That case arose under Gen. Sts., ch. 100, §29, which provided that any person who should suffer cattle, horses and other animals to run at large in the highway should be subject to a fine. The defendant on several occasions rode his horse along a highway, and

when near his place of business, fastened the reins to the sur-
cingle so the horse could not graze, and started him towards
home, where the defendant's son was on the watch for and
took care of him on his arrival, and on all occasions the horse
went directly home; held, that this was not a "running at
large," because the horse, from his training, could be trusted
not to wander upon the highway, but to return to his owner's
premises. The inference is, that if the horse had been turned
homeward without the restraint of the reins, so it could wander
and graze, it would have been considered as being at large,
for then the owner would have voluntarily made the horse an
estray, while in the case at bar the question was whether it was
the act of a prudent man for the keeper to leave the mare in
the meadow as he did. The question of contributory negli-
gence was the decisive question and was for the jury.

It is generally held, under statutes prohibiting horses and
cattle going at large, that when they escape from their owner's
enclosure without his fault or negligence, they are not at large
in the legal sense of the term. *Coles* v. *Burns,* 21 Hun. 246;
*Com.* v. *Fourteen Hogs,* 10 S. & R. 393; *Goener* v. *Woll,* 26
Minn. 154; *Kinder* v. *Gillespie,* 63 Ill. 88; *Montgomery* v.
*Breed,* 34 Wis. 649; *Rutter* v. *Henry,* 46 Ohio St. 272. See
12 Am. & Eng. Ency. 378 and notes; 18 *Id.* 536 and notes,
where these and many other cases are cited and considered.

The word traveling has no very precise or technical mean-
ing when it is used without any limitation. Its primary mean-
ing is passing from place to place. 28 Am. & Eng. Ency. 455.
If horses or cattle are forced or frightened from an enclosure
over a lawful fence into a highway, the owner or keeper being
without fault, they cannot be said to be at large or estray, but
their owners are entitled to have them protected as travelers.

The reasoning in the opinion in *Holden* v. *Shattuck,* 34 Vt. 336, is in line with the cases above cited. There the plaintiff was driving along a highway with a horse and carriage when the defendant's horse that was feeding unrestrained upon the roadside suddenly turned and reared at the plaintiff's horse and frightened it so that it ran and was injured. It was held that the mere fact that the horse was upon the highway, unattended by its owner or keeper, could not be regarded as unlawful or a breach of duty rendering the owner liable for injurious consequences; that the defendant being the owner of the land on each side of the road, it should appear that the circumstances and occasion, or the character and habits of the horse, were known to the owner to such an extent as to warrant a finding of the fact of carelessness on his part; that the trial court erred in assuming that the defendant had no right to have or permit his horse to be loose on the highway. This case is authority here only in holding that the mere fact that a horse is loose upon a highway does not prove that its owner is liable for resulting injuries. The owner's negligence must be proved, not assumed. It did not appear that this mare had ever followed Howrigan from this meadow nor that she had ever been placed there before, and his conduct on this occasion tended to show that he did not expect she would follow him, otherwise he would have watched her as she approached the bridge. His conduct in the matter may have been very negligent, but the court could not assume that fact.

These are the only questions raised by the exceptions. There was no error in the court's refusal to direct a verdict.

*Judgment affirmed.*

WATSON, J., dissents upon the second point.