THORESEN, Administrator, Respondent, vs. THE LA CROSSE CITY RAILWAY COMPANY, Appellant.

*September 23 — October 13, 1896.*

94 129|
104 373|

94      129
116     ²647

*Street railways: Collision with vehicle causing death: Contributory negligence: Court and jury: Evidence: Damages.*

1. In an action against a street railway company for the death of plaintiff's intestate, it appeared, among other things, that the deceased at the time of the accident was attempting to drive across defendant's double car tracks, thirteen feet in width, in a southeasterly direction, behind a horse car moving south on the east track; that the accident occurred about twenty feet south of the intersection of another street from which deceased had approached; that the vehicle was struck on the west track by a car going north which had been standing upon the track at about the middle of the block until passed by the one going south; and that it was dusk at the time. *Held,* that it could not be presumed as matter of law that the deceased did not look and listen, and act prudently upon the knowledge thus acquired.

2. In an action to recover damages for the death of a married woman, brought by the administrator of her estate, evidence of the husband's circumstances and financial condition is admissible.

APPEAL from a judgment of the circuit court for La Crosse county: O. B. WYMAN, Circuit Judge. *Affirmed.*

Thoresen vs. The La Crosse City R. Co.

The case is fully stated in the opinion of the court.

For the appellant there was a brief by *Losey & Woodward* and *Higbee & Bunge*, and oral argument by *E. C. Higbee* and *G. M. Woodward*.

For the respondent there was a brief by *Bleekman, Bloomingdale & Bergh*, and oral argument by *F. H. Bloomingdale* and *Martin Bergh*.

CASSODAY, C. J.   This action is to recover damages by reason of the death of the plaintiff's intestate, caused by a collision of the vehicle in which she was riding with the defendant's street car on the evening of October 7, 1892.   It is undisputed that the defendant's double street-railway track runs north and south on Fourth street, and that the tracks were about four feet apart; that King street crosses the same at right angles, and that such double tracks extended for a distance of more than 200 feet north and south from the center of King street; that at the time in question the deceased started in a milk wagon near the northwest corner of King and Fourth streets; that, at the time of starting, the horse's head was facing west on King street; that the deceased sat on the near side, and a boy, a little over twelve years of age, on the off side; that she drove at first westerly, and made a long turn around toward the southwest corner of King and Fourth streets.   The boy testified to the effect that as they approached the street-car tracks on Fourth street he saw a street car standing still on the east track, about half a block south of King street; that she was then driving east; that he then saw the car coming from the south, until his view of it was cut off by another car, coming from the north, on the west track; that when he next saw the north-bound car the same was coming pretty fast about two rods distant, and their horse was then upon the east track, and their wagon on the west track; that the driver of that car at that time stood on the front end of his

car, with the lines in his hands, and at first looked back at the side of his car, and then through it in the door, and kept looking in that direction all the time until the car struck the hind wheels of their wagon, and the injury occurred; that the deceased said nothing until they got on the east track, when she "hollered," and took hold of the whip, and then the horse went faster; that when the car struck the wagon it tipped over, and fell towards the east on Fourth street, and the horse walked a couple of steps south.

At the close of the trial the jury returned a special verdict to the effect that the driver of the car was guilty of negligence in the management and operation of his car, which was the proximate cause of the accident from which the deceased came to her death; that at the time of the collision the deceased was driving southeast; that the collision occurred about twenty feet south of King street; that the deceased could not have seen the car coming north on Fourth street before she drove onto the street-car track; that the deceased's view of the car coming north was obstructed by the car going south at about the time she drove onto the railway track; that the deceased was not guilty of any want of ordinary care which contributed to the injury; that they found for the plaintiff, and assessed the value of the services of the deceased to the plaintiff for the probable remainder of her life at $1,500. From the judgment entered upon that verdict in favor of the plaintiff for the amount mentioned the defendant brings this appeal.

There is no claim that the finding of the jury to the effect that the defendant's negligence was the proximate cause of the injury is not supported by the evidence. The principal contention is that the deceased was guilty of contributory negligence. It is conceded that each track was four feet and eight inches between the rails, and that it was only four feet between the two inside rails; in other words, from the west rail to the east rail was only a little

over thirteen feet. The horse's head was necessarily several feet from the wagon box, and still further from the seat occupied by the deceased; and the boy sat on the same seat, between her and the coming car. If she drove onto the tracks immediately behind the car going south, then it may be that she was not in a position to see the coming car until her horse was well onto the east track. True, the verdict finds that at the time of the collision she was driving southeast, and that the collision occurred about twenty feet south of King street. Since it appears that at the time she started to drive across the tracks her horse and wagon were on the south side of King street, and the west curb line of Fourth street was fourteen feet west of the west rail of the west track, it would seem that she could not have turned to go southeast until she got onto the west track; otherwise the collision would probably have occurred more than twenty feet south of King street. The injury left her unconscious, and she died about eight hours afterwards. The result is that we are deprived of her version of the transaction. Whether she saw the car which did the injury, standing half a block south of King street, as the boy did, or afterwards saw it coming north, as he did, are at most matters of conjecture. In approaching the tracks she was undoubtedly bound to exercise ordinary care to avoid a collision with any moving car. She was bound to exercise ordinary care in observing whether there was any moving car at the place of crossing, or in the immediate vicinity. True, the danger of a car propelled by horse power, like the one in question, is not as imminent as one propelled by electricity or steam, since it necessarily moves much slower and may be more readily controlled; but it differs from an ordinary wagon or carriage, in that it is confined to a fixed track, and hence cannot turn out to avoid collisions. This fact must, of course, be recognized by those riding in other vehicles.

Thoresen vs. The La Crosse City R. Co.

It must be remembered that, except where contributory negligence appears from the plaintiff's own showing, it is a matter of defense, and the burden of proving it is upon the defendant. *Hoye v. C. & N. W. R. Co.* 67 Wis. 15, and cases there cited. In that case, as in this, the victim of the accident did not survive to give her version of the occurrence. Such being the law it cannot be conclusively presumed that the deceased did not, at the time and place in question, look, listen, and prudently act upon the knowledge she thus acquired. *Id.* The difficulty of holding, as a matter of law, that the deceased was guilty of contributory negligence, is the fact of the intervening car moving south between her and the coming car, in the dusk of the evening, and just before she attempted to cross -the tracks. In this respect the case is somewhat similar to *Duame v. C. & N. W. R. Co.* 72 Wis. 523. See, also, *Winstanley v. C., M. & St. P. R. Co.* 72 Wis. 375; *Winchell v. Abbot,* 77 Wis. 371; *Ward v. C., St. P., M. & O. R. Co.* 85 Wis. 601. We must hold that the question of contributory negligence was for the jury.

The statute authorized the jury to give such damages as they deemed fair and just in reference to the pecuniary injury resulting to the plaintiff from such death. R. S. sec. 4256. To enable the jury to assess such damages, it was competent, under the repeated rulings of this court, to prove the husband's circumstances and financial condition. *Ewen v. C. & N. W. R. Co.* 38 Wis. 613; *Johnson v. C. & N. W. R. Co.* 64 Wis. 431, 432; *Wiltse v. Tilden,* 77 Wis. 152; *Tuteur v. C. & N. W. R. Co.* 77 Wis. 508; *Thompson v. Johnston Bros. Co.* 86 Wis. 576. We find no material error in the record.

*By the Court.*— The judgment of the circuit court is affirmed.