Herold [Sup.] 19 N. Y. Supp. 456; Pach v. Geoffroy [Sup.] 19 N. Y. Supp. 583; Talbert v. Storum [Sup.] 21 N. Y. Supp. 719; Simmons v. Hazard [Sup.] 20 N. Y. Supp. 508), and must be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs; but the defendant is permitted to renew the motion at the special term, on proper papers, on payment of such costs.

---

(54 App. Div. 291.)

### BIEDERMAN v. DRY DOCK, E. B. & B. R. CO.

(Supreme Court, Appellate Division, First Department. November 9, 1900.)

STREET RAILROADS—CHILD CROSSING TRACK—CONTRIBUTORY NEGLIGENCE.

Plaintiff, a child 13 years of age, attempted to cross a street traversed by a single street-railway track on which defendant's cars ran north, at a time of day when the cars could easily be seen. With the exception of a wagon going south, which plaintiff permitted to pass before starting across the street, there was nothing to obstruct her view. She did not look to see whether a car was approaching after leaving the sidewalk, and, though the driver of the car and others warned her, which warning could have been heard but for the fact that her ears were inclosed in a shawl, she stepped on the track, and was struck, the driver bringing the car to a stop within five feet. *Held*, that plaintiff was guilty of contributory negligence.

Appeal from trial term, New York county.

Action by Bertha Biederman, an infant, by Harry Biederman, her guardian ad litem, against the Dry Dock, East Broadway & Battery Railroad Company, for injuries sustained. From a judgment in favor of the plaintiff and an order denying a motion for a new trial, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and RUMSEY, McLAUGHLIN, PATTERSON, and O'BRIEN, JJ.

Henry L. Scheuerman, for appellant.
Maurice S. Hyman, for respondent.

O'BRIEN, J. The action was brought to recover for personal injuries sustained through the alleged negligence of defendant's servants by Bertha Biederman, a child of 13 years, who was struck by one of the defendant's north-bound horse cars while crossing Avenue B in an easterly direction, at the junction of Houston street, at about quarter past 6 o'clock p. m. of the 10th day of March, 1897. Motion was made when the plaintiff rested and again at the close of the case to dismiss the complaint on the ground that the plaintiff had not sustained the burden imposed by law of proving freedom from contributory negligence, and to the denial of these motions exception was taken. The issues were submitted to the jury, which returned a verdict for the plaintiff, and from the judgment so entered, and from order denying motion for a new trial, the defendant appeals.

There was upon the trial little or no conflicting testimony, and the question presented, therefore, is whether upon the plaintiff's showing a prima facie case was made out against the defendant. The plaintiff testified that upon the evening of the accident she was

on her way home with some bread, accompanied by her younger brother and sister, aged 8 and 10 years, respectively, and had reached the northwest corner of Avenue B and Houston street, and intended crossing Avenue B; that she stood on the corner, and looked up and down the avenue, and did not see any car, but there was a covered wagon in front of her, and she waited on the sidewalk for it to pass, and then, when it had reached the south side of Houston street, started to cross the avenue; that the children ran on ahead and disappeared, but she continued walking till she was struck; that, to protect her ears, she had a big shawl over her head and shoulders, which came to the edge of her face, and she did not see or hear the car or horses approaching; and that her father told her the car which struck her was going up town. The father testified that there was a single track running through the middle of Avenue B, which, from curb to curb, was about 35 feet wide. Charles Fuss, a peddler, testified that he was standing, on the day of the accident, with his push cart, on the east side of Avenue B, about 35 feet north of Houston street, and saw the plaintiff when she was on the other side of Avenue B, with a shawl over her head, and carrying something; that it was light at the time, and he saw her wait for a wagon to pass by, which wagon turned from Avenue B into Houston street; that two children, who had been with the girl, ran ahead, and then she started to walk over, and the car horses came along fast and ran into her; that he heard no signal given. This testimony, besides that given to show the extent of the injuries, constituted the plaintiff's case. In behalf of the defendant, a policeman testified that he was standing on the west side of Avenue B, just north of Houston street, immediately before the accident, and first saw the plaintiff as she was going across the avenue, and when she was about four feet from the west rail and the horses were about six feet from her; that she continued to walk across, and he ran after her, to make an effort to stop her; that when she reached the middle of the track, she was knocked down, and the car then stopped within five feet. A passenger, who was standing with the driver on the front platform of the car when the accident occurred, testified that when he first saw the girl she was about eight or ten feet away from the horses' heads, and about three or four feet from the west rail of the track, and she started to cross the track when the horses' heads were two or three feet away from her; that "the driver hollered, and turned his brake, and put it on with such force that it spread the horses, and threw me and him up against the dashboard; then the whippletree  *  *  *  caught her, and knocked her down." The conductor testified that he heard the driver halloo, and saw the girl between the horses' heads; and when he got in front the people were assisting the girl over the whippletree behind the horses.

The version of the accident given by the defendant's witnesses makes out a clear case of contributory negligence; but, disregarding their testimony entirely, and considering by itself that which was presented on behalf of the plaintiff, there was not, in our judgment, sufficient evidence to justify the inference that plaintiff was free

from contributory negligence. It will be recalled that at the place of the accident there is but one track, upon which the cars run in a northerly direction, and that, with the exception of a wagon, which the plaintiff states she permitted to pass, there was nothing to obstruct her view. Yet at a time of day when it was light enough to see the car, or to hear it, were it not for the fact that her ears were inclosed in a shawl, she proceeds from the sidewalk to the track without looking to see or taking the slightest notice of a car which was then approaching. She states that she looked before the wagon had passed, and while she was on the sidewalk; but, without looking again, she started leisurely to cross the avenue, and went to and upon the track under conditions when, had she used either her eyes or her ears, she would necessarily have had notice of the advancing car. That she used neither is apparent from her testimony that she knew nothing about the car before or after leaving the sidewalk until she was struck by the horses. As urged by the appellant, "if it was the duty of the driver of the car to avoid coming in contact with her, it was surely plaintiff's duty to make a like observation with respect to the car. If it should have appeared that the driver, when half way down the block, had looked, and failed to look again, he would have been guilty of negligence." And it is difficult to see, if a parity of reasoning is to be employed, why, in the manner in which the plaintiff conducted herself in failing to use her eyes or ears after leaving the sidewalk, she was not negligent. The case is distinguishable from that of Schwarzbaum v. Railroad Co. (decided at this term of the court) 66 N. Y. Supp. 367, for the reason that it therein appeared that it was dark, and raining heavily, and the accident happened where there were two sets of tracks, and, if the testimony of the plaintiff's witnesses was taken as true, the plaintiff and her husband, just before proceeding to cross, looked, and continued to look while crossing the avenue, but their vision was obstructed by one or more cars going south, which prevented their seeing a fast-approaching car coming north, which struck the man before he could safely reach the easterly side. The present case cannot be distinguished from that of Weiss v. Railway Co., 33 App. Div. 221, 53 N. Y. Supp. 449, which is, therefore, controlling. The facts therein, as appears from the statement in the syllabus, are in some respects similar to those presented here. There a child 8 years and 4 months old, of ordinary intelligence, good eyesight and hearing, accustomed to go on the street unattended, was observed 21 feet from the railway track, looking in the direction of an approaching car then over 100 feet away, on a bright day, with nothing to prevent her view or prevent her seeing the car. It was held that although the girl, on account of her age, was not required to exercise the same degree of care as an adult, she was required to exercise care commensurate with her age and intelligence, and that the failure to exercise such was fatal to her right to recover. So here the absence of facts from which the inference could be drawn that while approaching the track the plaintiff exercised the slightest degree of care in looking or listening for an advancing car, though, had she done either, with an unobstructed view, she would

have seen or heard it, leaves the record barren of any evidence from which the jury would have a right reasonably to conclude that she was free from contributory negligence. The judgment accordingly must be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur; VAN BRUNT, P. J., in result.