McClellan, Appellant, vs. Chippewa Valley Electric Railroad Company, Respondent.

*April 11 — April 30, 1901.*

*Street railways: Personal injuries: Negligence: Contributory negligence: Pleading: Evidence: Wilful misconduct.*

1. Plaintiff, driving on a load of hay, turned into a street used by an electric railway, and, while driving on the track, was struck by a car coming up from behind at a speed of from twelve to fifteen miles an hour and injured. *Held,* that if the car was actually in sight when he entered on the track, it was his duty to see it, and that he was guilty of contributory negligence if he did not see it, notwithstanding he testified that he looked and did not see any car.

2. In such case, if the car was not in sight when he drove upon the track, he was guilty of contributory negligence in traveling 300 feet along the track without looking for the approach of a car.

3. A complaint simply charging negligence states a different cause of action from one charging wilful misconduct or a wanton and reckless act equivalent to wilful misconduct, and evidence of such misconduct is not admissible under the former.

APPEAL from a judgment of the circuit court for Eau Claire county: JAMES O'NEILL, Circuit Judge. *Affirmed.*

This is an action to recover damages for personal injuries suffered by the plaintiff by reason of a collision between one of the defendant's street cars and a load of hay upon which the plaintiff was riding. The accident happened upon the 12th of June, 1899, at about 8:10 p. m., on Putnam street, in the city of Eau Claire. Putnam street runs directly north and south, and is sixty-six feet in width, and is practically level. It is crossed by Madison street, running directly east and west, and a single track of the defendant's street railway runs east upon Madison street until it reaches Putnam street, where it turns and runs north in the middle of Putnam street for several blocks. Fay street, which runs in a northwesterly direction, comes into Put-

nam street at a distance of 422 feet north of Madison street, its width being seventy-three feet measuring along the west line of Putnam street. Birch street, running directly east and west, crosses Putnam street 422 feet north of Fay street. The evidence shows that on the evening in question the plaintiff, who was driving a team of horses attached to a load of hay and standing up upon the load, drove north-westerly on Fay street to Putnam street, where he turned directly north, intending to drive along Putnam street until he reached his own house, which was located on the west side of Putnam street in the block north of Birch street; that a man named Palmer, of whom the plaintiff had pur-chased the hay, followed the plaintiff, riding in a buggy, some three or four rods in the rear; that the plaintiff drove northward on the west side of the street-railway track on Putnam street, and at some point between Fay street and Birch street drove onto the street-railway track and trav-eled north on the track for some distance,— the point where he entered upon the track and the distance which he drove thereon not being clearly fixed; that at some point before he reached Birch street, while he was still upon the track, one of the defendant's interurban street cars came up from the south, and struck the load of hay with considerable force, breaking the pole of the wagon, throwing the plaint-iff off from the load, and injuring him, and causing the horses to run away. The plaintiff claims that he looked south for a car when he first entered on Putnam street, and also when he turned upon the track, and that there was none in sight. The negligence claimed was in the running at an excessive rate of speed and in the giving of no warn-ing signal. The car was an interurban car, running between Eau Claire and Chippewa Falls, and weighed about 11,000 pounds, being considerably larger than an ordinary street car. The evidence showed that it was light enough at the time of the accident so that one could see two blocks or

more, and that there was a headlight upon the street car. Palmer testified that no bell was rung by the motorman, and that the car was going at the rate of twelve or fifteen miles an hour, and did not slacken its speed prior to the collision. The conductor of the car testified that he gave a signal to stop the car in the middle of the block, and that the motorman answered it by a single tap of the gong; the signal being given because a passenger wished to get off at Birch street. The plaintiff testified that the first notice he had of the approach of a car was when he was struck.

At the close of the plaintiff's case a motion for nonsuit was sustained, and from judgment thereon the plaintiff appeals.

For the appellant the cause was submitted on the brief of *V. W. James.*

For the respondent there was a brief by *Frawley, Bundy & Wilcox,* and oral argument by *R. P. Wilcox.*

WINSLOW, J It is impossible to tell with any degree of certainty from the evidence at what point the plaintiff drove upon the street-railway track, or what distance he traveled upon the track, or where the collision in fact occurred. The plaintiff's verified complaint (which has never been amended) states that while he was driving along Putnam street, at a point about 100 feet south of Birch street, he attempted to cross the track from the west to the east side of the street, and while in the act of crossing was struck by the car. It appears that he was examined as an adverse party before the trial, and he admits that he then testified that he had traveled on the track but a little ways before the accident happened; also that he then testified that he had traveled probably the length of his wagon, or twice that length, on the track, before he was hit; but he now says that he made a mistake in so testifying. Upon the trial he testified that he had driven upon the track the width of two lots fifty or

sixty feet wide before he was struck; that he first drove upon
the track in front of a house No. 540 Putnam street (which
is shown by the evidence to be 288 feet south of Birch street
crossing, and hence 139 feet north of Fay street); that he
was struck about two rods south of a certain row of trees on
the west side of Putnam street (the most southerly of which
is shown by the evidence to be seventy-two feet south of
Birch street); and that he fell from the load on the south
crossing of Birch street, and was dragged by the horses north
across Birch street. Palmer testified upon the trial that the
plaintiff drove north on the west side of Putnam street about
one third of the block (142 feet); that he then turned onto
the track, and drove north on the track about one third of
the block, when he was struck as he got up by the trees.
Upon being recalled, Palmer testified that when he (Palmer)
was two or three rods north of Fay street he looked south,
and saw the car coming about the middle of the block be-
tween Madison and Fay streets; that plaintiff was then three
or four rods ahead of him, and was on the track, and had
been on the track for a distance of five or six rods. If this
be true, *McClellan* must have driven on the street-railway
track from one to two rods after entering on Putnam street.
The plaintiff testifies positively that he looked south for a
car when he drove onto Putnam street, and again when he
drove onto the railway track, and that none was in sight on
either occasion, and that he did not look south again.

The evidence of Palmer is that the car was traveling
from twelve to fifteen miles per hour, and did not slacken
its speed; and this is the only evidence as to the speed of
the car. The plaintiff says that his team was walking, but
he does not fix the speed. While it is impossible to recon-
cile all of the evidence, there are certain results which may
be deduced therefrom with certainty. If plaintiff entered
on the track after traversing one third of the block (142
feet), and traveled north one third of a block, he was 637

feet north of Madison street when he entered the track and 779 feet north thereof when he was struck. If he traveled three miles an hour (certainly a very moderate estimate), and the car traveled fifteen miles an hour (the highest estimate given), the car would have traveled but 710 feet while the plaintiff was traveling 142 feet on the track, and must have been in sight on Putnam street when the plaintiff entered on the track, when he testifies that he looked and did not see it. If, however, the car was not actually in sight when plaintiff drove on the track, because it had not yet turned the corner at Madison street, then the plaintiff must have turned onto the track substantially immediately after he entered on Putnam street, as seems to be the result of Palmer's last evidence, and in this case he must have traveled somewhere from 250 to 300 feet northward along the track without looking for a car. Whichever horn of the dilemma the plaintiff takes, he is convicted of contributory negligence. If the car was actually in sight when he entered on the track, then it was his duty to see it, and he was negligent if he did not see it, notwithstanding he testifies that he looked and did not see it. If, on the other hand, it was not in sight, then it is certain that he traveled nearly or quite 300 feet along the track without looking for the approach of a car. In either case he is guilty of contributory negligence. *Bryant v. Metropolitan St. R. Co.* 28 Misc. (N. Y.), 532.

The claim is now made by appellant that there was evidence in the case sufficient to show a case of wilful intent to injure, or that reckless and wanton disregard on the part of defendant's employees of the plaintiff's rights and safety which is deemed equivalent to an intent to injure, and may be called a constructive intent, and which has been inaccurately termed gross negligence. *Bolin v. C., St. P., M. & O. R. Co.* 108 Wis. 333. With regard to this claim it is sufficient to say that no such cause of action is stated, or attempted to

be stated, in the complaint. The complaint simply charges negligence. Certainly, if wilful misconduct is claimed, or a wanton and reckless act equivalent in law to wilful misconduct, the cause of action is a different one from a cause of action founded upon negligence simply. The defendant is entitled to know what the cause of action is upon which the plaintiff relies. 14 Ency. of Pl. & Pr. 338, § 8.

*By the Court.*— Judgment affirmed.