JENNIE SCHWARZBAUM, as Administratrix, etc., of MORITZ SCHWARZ-
BAUM, Deceased, Plaintiff, *v.* THE THIRD AVENUE RAILROAD
COMPANY, Defendant.

*Negligence — a pedestrian struck by a car while crossing a street railroad on a dark*
*rainy night just after a car going in the opposite direction has passed.*

In an action to recover damages resulting from the death of the plaintiff's
intestate who was killed while crossing a public street by one of the defendant's
street cars, the intestate's wife, who was with him at the time of the accident,
testified that it was a dark, windy, rainy night and that they were directly under
an elevated railroad; that both she and the intestate looked up and down
before crossing; that her husband was in advance of her, and that just after
a downtown car had passed them he proceeded, and that as she was about to
step on the uptown track to follow him an uptown car came up in front of her
face "so quick and unexpected; so quick;" that she jumped back and heard
her husband scream; that just before he was struck by the car the flash of a
headlight came before her; that she went around the rear of the car and found
her husband lying on the other side.

*Held,* that it could not be said, as matter of law, that the intestate was guilty of
contributory negligence;

That it was error to dismiss the complaint.

VAN BRUNT, P. J., dissented.

MOTION by the plaintiff, Jennie Schwarzbaum, as administratrix,
etc., of Moritz Schwarzbaum, deceased, for a new trial upon a case
containing exceptions, ordered to be heard at the Appellate Division
in the first instance, upon the dismissal of the complaint by direction
of the court after a trial at the New York Trial Term.

*Samuel Greenbaum,* for the plaintiff.

*Herbert R. Limburger,* for the defendant.

O'BRIEN, J.:

Upon a prior appeal (54 App. Div. 164) a judgment entered on
the dismissal of the complaint was reversed and a new trial ordered,
and it was held that from the evidence it could not be said as
matter of law that the intestate was guilty of contributory negli-
gence. The only question, therefore, upon this appeal is whether

upon the evidence presented at the new trial the learned trial judge was right in his view that the intestate was, as matter of law, guilty of contributory negligence.   We say that is the only question because we do not understand that, either upon the former or this appeal, there was any serious contention but that the defendant's negligence was a question for the jury.

We do not find in this record upon the question of contributory negligence any additional evidence which would change the conclusion at which we arrived when the case was last before us.   Our attention, however, is called by the defendant to the testimony of the plaintiff upon the new trial that when between the tracks she and her husband "looked downtown to see if there came a car up, because we want to go across.  We looked from downtown, downtown and uptown.  We did not see a car coming from uptown down, nor a car coming from downtown up."   She further stated that her husband was ahead of her and she went to step on the track to follow him when the car came up in front of her face, "so quick and unexpected — so quick," and she jumped back and heard her husband scream ; that *just before* he was struck by the car the flash of a headlight came before her ; that she went around the rear of the car and found her husband lying on the other side.

It is not made clearly to appear just when plaintiff looked, for though she says "between the tracks," she says she looked *uptown* as well as downtown to see if a car was approaching for which there would have been no need had she left the downtown track.   At any rate it is perfectly apparent that she was keeping an outlook as best she could, and that her husband was doing the same.   As upon the former appeal, it again appears that they crossed just after the downtown car had passed which would have hindered a full view of the uptown track, and that it was a dark, windy, rainy night, and they were directly under the elevated railroad.   It is insisted that they were bound to see the headlight of the uptown car, but this would not apprise them of how far away it was. . As no signal was given they were not presumed to know that the car was approaching and was within a dangerous distance.   As said in *Henavie* v. *N. Y. C. & H. R. R. R. Co.* (166 N. Y. 280), "whether the deceent was conclusively shown to have been guilty of contributory negligence depends upon what occurred in an instant of time.

\* \* \*  There was some evidence of care on the part of the deceased because he looked in both directions when he started across the avenue as well as when he was half way to the nearest track. \* \* \*  They (the jury) could also have found that if he saw the approaching engine, he thought it was standing still. \* \* \*. It is difficult to tell in the night time when the track is level and straight, whether the headlight on an engine is approaching." The same is true of the headlight on a street car. Nothing previously had apprised the plaintiff's intestate of the approach of the car, even assuming that in the moment he looked he had seen in the darkness the headlight. That the car came up suddenly is apparent from the testimony that it came "so quick," words equivalent to the words "like lightning," used by the same witness on the former trial. Had the plaintiff and her husband looked, therefore, after crossing the south bound track, it does not necessarily follow that they must have known of danger nor that they had time to avoid the accident.

The distinction between this case and that of *Biederman* v. *Dry Dock, E. B. & B. R. R. Co.* (54 App. Div. 294), which is urged upon our attention, may be again pointed out by referring to the leading facts, namely, that in the *Biederman* case there was nothing to obstruct the vision of the little girl from the time she left the sidewalk until she was injured. Nor was there evidence that she looked. It also appeared that her head was covered with and nearly inclosed in a shawl which to some extent must have interfered with, if it did not seriously impair, her sense of hearing and sight and thus prevent her being aware of the approaching car from which she received her injuries. In the present case the plaintiff and her husband had their view obstructed until they were almost upon the uptown track because of the south-bound car which had just passed. Moreover, the night was dark and rainy and they were underneath the elevated structure and, though the plaintiff says they proceeded carefully, looking up and down, the north-bound car came upon them swiftly and without warning, killing the husband, who was a little ahead, and nearly striking the plaintiff.

For the reason that the law of the case is stated in the former opinion, and that in our view no new evidence to change the result has been adduced on the new trial, we think that the exceptions

should be sustained and the motion for a new trial granted, with costs to plaintiff to abide event.

RUMSEY and HATCH, JJ., concurred; VAN BRUNT, P. J., dissented.

INGRAHAM, J. (concurring):
I concur in result. We are controlled by the former decision.

Exceptions sustained and motion for a new trial granted, with costs to the plaintiff to abide the event.