# Marchal v. Indianapolis Street Railway Company.

[No. 3,521.   Filed December 20, 1901.]

STREET RAILROADS. — *Crossings.* — *Excessive Speed.* — *Negligence.* — Whether a street car company was guilty of negligence in running its cars in close proximity to one another on the same track over a public crossing in a city at a high rate of speed is a question of fact for the determination of the jury.   *p. 137.*

SAME.—*Accidents at Crossings.*—The strict rules governing collisions at steam railroad crossings do not apply to street railways.   *p. 137.*

SAME.—*Injury at Crossings.*—*Contributory Negligence.*—As plaintiff approached the tracks of a street railway going west one of defendant's cars was traveling south on the west track crossing the intersection of the streets, and at the same time a car on the east track was traveling north and had just passed over the intersection; as the car on the east track passed over the crossing, plaintiff drove his team in a westerly direction over the east track and as the south bound car on the west track passed the crossing he attempted to cross the west track, when another south bound car, running not to exceed 100 feet behind the car that had just passed, at a high rate of speed, approached without notice or warning and struck plaintiff's team and wagon before he could get out of the way.   *Held,* that the question of plaintiff's contributory negligence was for the determination of the jury.   *pp. 134–142.*

From Marion Superior Court; *J. M. Leathers,* Judge.

Action by Frederick Marchal against the Indianapolis Street Railway Company for damages. From a judgment for defendant on demurrer to complaint, plaintiff appeals. *Reversed.*

*J. Collier,* for appellant.
*F. Winter* and *C. Winter,* for appellee.

COMSTOCK, C. J.—Appellant instituted this action against the appellee corporation to recover damages resulting to appellant's property at a crossing in Indianapolis, by reason of the alleged negligence of appellee's servants in the operation of its street cars. The complaint was in two paragraphs, designated, respectively, as an amended complaint

and as the second paragraph of complaint, to each of which a demurrer for want of facts was sustained. Appellant refusing to plead further, judgment was rendered in favor of appellee for costs.

The only question here is the sufficiency of the complaint. For the consideration of its sufficiency, the following portion only of the amended complaint need be set out: "And plaintiff says that, as he approached a point where said North Illinois street is crossed by West Twenty-eighth street, over which point said defendant maintains and operates its said lines of electric street railway, one of the defendant's electric cars was traveling south on the west track, and at and crossing over the intersection of said streets, and at the same time one of the defendant's electric cars was traveling north on the east track, and had just passed over said intersection; that as the car on the east track traveling north, passed over said intersection and continued north from said West Twenty-eighth street, this plaintiff, being desirous of continuing his journey westward on said Twenty-eighth street, drove his team in a westerly direction on and over the east track of said defendant, at a point where said streets cross, and immediately behind and after said car had passed; that as he drove on and over said east track, said south bound car on the west track was passing over said crossing; that as the same continued southward and over said crossing, plaintiff drove his team westward upon, and attempted to drive over, said west track at a point where said streets intersect; and plaintiff says that, as he drove his team of horses on said west track another electric car approached from the north on said west track, running not to exceed 100 feet behind the car that had just passed said crossing, south bound as aforesaid; that said car, so approaching from the north, was running at an unlawful, dangerous, and negligent rate of speed, to wit, twenty-five miles per hour; that said defendant or its servants in charge of said car, did not sound the gong or otherwise give notice

or warning of the approach of said car until said car was within fifteen feet of said crossing, and after plaintiff's team had entered upon said west track; and therefore plaintiff could not remove his team and wagon from said west track, and while doing all in his power to do so, said car, propelled as aforesaid and in charge of the servants' and employes of said defendant, was run in a negligent and wanton manner against, on, and over said team and wagon in a violent manner and without any fault or negligence on the part of plaintiff, whereby one of the said horses was so maimed that it was rendered useless and had to be killed, and plaintiff's wagon and harness were destroyed, to his damage in the sum of $250. Plaintiff says that before and as he drove on said west track of defendant, as aforesaid, he looked but was unable to see the approach of said car from the north, on the west track, on account of his view being obstructed by said car on the east track, north bound as aforesaid; and he listened, but could not hear the noise of said car so approaching on account of the noise made by said cars so passing over said crossing as aforesaid; and plaintiff, believing that said defendant's west track was clear, and that defendant would not run or cause to be run said cars at an excessive rate of speed and in such close proximity over said public crossing in the manner aforesaid without giving warning thereof, and of the approach of said cars to the traveling public, who were constantly passing said crossing, this plaintiff drove on and attempted to cross said track in the manner and under the circumstances aforesaid and not otherwise."

The second paragraph of complaint differs from the amended complaint only in the additional averments that according to usage and custom, the appellee runs its cars, except in the business portion of the city, on schedule time, whereby said cars traveling on the same line or track and in the same direction, are separated from one to ten squares; that said custom or usage is notorious throughout the city,

and that the appellant had notice thereof, and was relying thereon, when the accident occurred; that said usage or custom applied to the line upon which the accident occurred; and that the usual distance of the squares in the city, is from 300 to 500 feet, and that the square immediately above the place of the accident is 500 feet in length.

Counsel for appellee in their brief state that the acts of appellee complained of are that the car causing the accident was running at an excessive and unlawful rate of speed, in close proximity to the car preceding it, without sounding or giving warning of its approach. It is insisted that these allegations of negligence are not sufficient, because the other facts alleged show that such negligence was not the cause of the accident. From the following averment of the complaint, "immediately behind, and after said car had passed, and as he drove on and over said east track, said south bound car on the west track was passing over said crossing, and that as the same continued southward and over said crossing, plaintiff drove his team westward upon and attempted to drive over said west track, at a point where said streets intersect; and plaintiff says, as he drove his team of horses on said west track, another electric car approached from the north on said west track, running not to exceed 100 feet behind the car that had just passed said crossing, south bound as aforesaid; and that before the plaintiff could remove his team and wagon from said west track, he was struck by this last car, and his team and wagon injured," it is argued that since the accident occurred so quickly the car must have been almost upon the horses when they started forward upon the track, and that, no matter how slowly the car was running, it would have been impossible to stop either it or the horses before they were struck. It is argued that the cause of the accident was the obstruction to appellant's view caused by the north bound car. It appears that when appellant started forward to the west track, the second car going south was 100 feet away; that it was

100 feet behind the first car. From the discovery of the approaching car until the accident, only a few seconds intervened, as is evidenced by the fact that appellant's efforts to turn his team off the track were only partially successful.

We are not prepared to say that the cause of the accident was alone the obstruction of the view of the track by the north bound car. It is a fact to be taken into account in determining the cause of the collision. But the car which struck the horse was approaching a crossing at the rate of twenty-five miles an hour without giving any warning. Had the car been operated at a slower rate of speed, the motorman, within a distance of 100 feet, might have so slackened its speed as to have given appellant a second or two additional time to have gotten his team clear of the track. We can not say, as a matter of law, that the obstruction to the view of the track caused by the north bound car was the sole cause of the collision. We do not say, as a matter of law, that it is unlawful for one car to follow another at a distance of 100 feet. But whether or not it is negligence for cars to be run on the same track in cities over public crossings at a high rate of speed in close proximity to one another is a question under given conditions for the jury.

Street crossings of railways are places of danger. Every person must use due care before crossing them. Misconduct upon the part of the railway company will not excuse the performance of that duty upon the part of one injured. One is not in the exercise of due care who attempts to cross a railway track without taking reasonable precaution to assure himself, by actual observation, that there is no danger from an approaching car or trains. This is the law, and applies in a general sense to electric and steam railways; but the strict rules governing the cases of steam railroad collisions at street crossings do not apply to what are known as street railways. *Citizens St. R. Co.* v. *Abright*, 14 Ind. App. 433, and cases cited. See, also, *Evansville St. R. Co.* v. *Gentry*, 147 Ind. 408, 37 L. R. A. 378, 62 Am. St. 421, and cases cited.

In Elliott on Roads and Streets, §813, it is said: "The care required of one who goes upon the track of a horse railway is not, perhaps, as great as that required of one who goes upon the track of a commercial railroad, because the danger is not so great, but, after all, reasonable care is required in either case".

In 2 Thompson's Com. on Law of Neg., §1397, it is said: "Another court has justly ascribed negligence to the act of running an electric car over a crossing in a much traveled street, at a high and dangerous rate of speed, or without being on the lookout, and having the car under control, and using the proper means to stop it, so as to avoid a collision." Citing *Watson* v. *Minneapolis St. R. Co.*, 53 Minn. 551, 55 N. W. 742.

For its second proposition, counsel for appellee insist that the negligence of appellant in not using the degree of care made necessary by the circumstances of the case in order to assure himself that the track was safe was the direct cause of the accident complained of.

A state of facts is sometimes presented in which the injury to a plaintiff is traceable to his unequivocal misconduct. In such case, it is the duty of the court to apply the law without the intervention of a jury. There are other cases where the question arises upon a state of facts where fair minded men may rationally arrive at opposite conclusions, and then the issue is properly submitted to the jury. While there is a consensus of opinion upon the proposition that a traveler at a street crossing must look and listen before going forward, whether he must stop must depend upon the circumstances of the particular case.

Thompson, *supra*, at §1399, says: "It is said that, at a street crossing, a street car and a vehicle have an equal right to cross; neither has a superior right to the other, but the right of each must be exercised in a careful manner so as not to interfere with the right of the other. * * * Obviously, the rule of reasonable care which the law puts

Marchal *v.* Indianapolis St. R. Co.

upon the drivers, gripmen, and motormen of street cars at all times imposes on them a more exacting attention when they approach street crossings in a crowded city, where vehicles and pedestrians may always be expected in front of them. The failure, under such circumstances, to ring the bell, sound the gong, or give other proper warning, is *negligence per se*, where there is a city ordinance requiring such precautions, and is undoubtedly evidence of negligence to be submitted to a jury under all circumstances, whether there is such an ordinance or not," citing many cases.

In *Chicago City R. Co.* v. *Jennings*, 157 Ill. 274, at p. 278, the court say: "The company has not the exclusive right to the use of the public streets, but only to the use of them jointly with the balance of the public, and, therefore, its servants must take notice of the numbers of travelers liable to be on the streets at street crossings, and must exercise the care demanded by the increased danger at such points."

It is generally held that street railroads have no superior right of way over vehicles at street crossings, and the company will be liable for negligence of its employes in failing to have the car under control at such places, thereby causing injury to persons with vehicles; but the question of negligence and contributory negligence is for the jury. See *Watson* v. *Minneapolis St. R. Co.*, 53 Minn. 551; *Hickman* v. *Union Depot R. Co.*, 47 Mo. App. 65; *Buhrens* v. *Dry Dock, etc., R. Co.*, 53 Hun 571, 6 N. Y. Supp. 224; *Bernhard* v. *Rochester R. Co.*, 68 Hun 369, 22 N. Y. Supp. 821; *Pope* v. *Kansas City R. Co.*, 99 Mo. 400, 12 S. W. 891; *O'Neil* v. *Dry Dock, etc., R. Co.*, 129 N. Y. 125, 29 N. E. 84, 26 Am. St. 512; *Schwarzbaum* v. *Third Avenue R. Co.*, 60 App. Div. 274, 69 N. Y. Supp. 1095; *Tesch* v. *Milwaukee, etc., R. Co.*, (Wis.) 84 N. W. 823, 53 L. R. A. 618; *Gallagher* v. *Manchester St. R. Co.*, (N. H.), 47 Atl. 610.

In *West Chicago St. R. Co.* v. *McCallum*, 67 Ill. App.

645, the plaintiff was injured at a street crossing. At the time plaintiff attempted to drive her horse across the street railway track going north, she could see to the west, but her view of the east was obstructed by the "west bound grip stopped on the east side." "I could not see anything for the east bound grip until I got on the track and saw the light of the west bound grip." She was struck by the west bound grip. The supreme court held that the question of negligence of the plaintiff had been fairly submitted to the jury.

In *Thoresen* v. *LaCrosse City R. Co.*, 94 Wis. 129, 68 N. W. 548, the plaintiff's decedent's death was caused by a collision of the vehicle, in which she was riding, with the defendant's street car. There was an intervening car moving between her and the car colliding with her wagon. The question of contributory negligence was for the jury. Citing, *Duame* v. *Chicago, etc., R. Co.*, 72 Wis. 523, 40 N. W. 394, 7 Am. St. 879; *Winstanley* v. *Chicago, etc., R. Co.*, 72 Wis. 375, 39 N. W. 856; *Winchell* v. *Abbott*, 77 Wis. 371, 46 N. W. 665; *Ward* v. *Chicago, etc., R. Co.*, 85 Wis. 601, 55 N. W. 771.

*Schwarzbaum* v. *Third Avenue R. Co.*, supra, was twice before the supreme court of New York. It is first reported in 66 N. Y. Supp. 367. The second appeal is reported in 69 N. Y. Supp. 1095. The first appeal was from the action of the lower court in dismissing the complaint at the close of, the plaintiff's evidence. The supreme court reversed the judgment, holding that the conduct of plaintiff and defendant should have been passed upon by the jury; that it could not be said as a matter of law that the plaintiff was guilty of contributory negligence. Upon the second trial the complaint was dismissed at the close of the plaintiff's evidence. Upon the subject of the contributory negligence of the plaintiff, it is stated in the opinion that there was no material difference in the testimony in the two trials. The plaintiff's intestate and himself were crossing parallel tracks

of the street railway on a dark, rainy night, and seeing a car approaching looked both ways for other cars. They then attempted to cross behind the passing car. The decedent was struck by an approaching car the view of which was obstructed by the car that had just passed. Upon the second appeal, the court stated that the law of the case had been decided in the former appeal and again held that the question of plaintiff's contributory negligence was for the jury. Counsel for appellee cite and rely upon *Young* v. *Citizen's St. R. Co.*, 148 Ind. 54; *Chicago, etc., R. Co.* v. *Butler*, 103 Ind. 31; *Cincinnati, etc., R. Co.* v. *Howard*, 124 Ind. 280, 8 L. R. A. 593, 19 Am. St. 96; *Stowell* v. *Erie R. Co.*, 39 C. C. A. 145, 98 Fed. 520.

In *Young* v. *Citizen's St. R. Co.*, *supra*, plaintiff was injured between street crossings while walking upon appellee's tracks. The Supreme Court held that the special verdict showed that there was nothing to prevent the appellant from both seeing and hearing the approaching car. In the course of the opinion, the court say: "Merely because steam railroad trains are heavier and more difficult to control than an electric street car on a street railroad is no reason why a person on such street car line is excused from the duty of stepping off or away from the track on the approach of the electric car." The opinion recognizes the doctrine that the street railway crossings are places of danger and the traveler must look and listen before attempting to cross them. The opinion holds that as against accidents from street railways, or the steam railways, every person is required to use ordinary care, that is, such care as a person of ordinary prudence exercises under the circumstances of the danger to be apprehended. The other of the above cases are founded upon accidents at public street crossings of steam railways. If it be conceded that the same high degree of care is required alike at the public street crossings of steam and of street railways, they would justify an affirmance of the judgment under consideration. The gen-

eral weight of authority, however, in our opinion, makes a distinction.

The complaint before us states facts which are unquestionably evidence tending to prove negligence. It avers in general terms that appellant was free from fault, and we can not say as a matter of law upon the particular averments that he was guilty of contributory negligence. That was a question of fact for the jury. While the failure to give warning of the approach of the car which struck appellant's horse can not excuse appellant from the exercise of due care, that fact may be considered in connection with all the circumstances attending the accident in passing upon the conduct of appellant. *Louisville, etc., R. Co.* v. *Williams*, 20 Ind. App. 576.

What is due care, as has often been said, depends upon the circumstances of each case, and these are in part made up of the acts of both parties.

The judgment is reversed, with instruction to the trial court to overrule the demurrer to each paragraph of the complaint.