DECKER, Administrator, Respondent, vs. McSORLEY, Appel-
lant.

*February 3—February 24, 1903.*

*Animals: Permitting to run at large: Knowledge of owner: Ordi-
nances: Violation.*

An ordinance provided that "no horse shall be permitted to run
at large in the city," and that any person "who shall permit
the same" to run at large shall be punished.  *Held,* that neg-
ligence in not securing the horse from escape does not con-
stitute violation of such ordinance, but it must appear that the
horse was at large with the knowledge and assent or permis-
sion of the owner.

APPEAL from a judgment of the circuit court for La Crosse
county: J. J. FRUIT, Circuit Judge.  *Reversed.*

This is an action to recover damages for the alleged death
of the little son of the plaintiff, four and one half years of
age, who was killed by the kick of the defendant's vicious
horse while running at large in the public highway contrary
to an ordinance of the city.  Issue being joined and trial had,
a verdict was rendered in favor of the plaintiff for $1,000,
and a judgment entered thereon was reversed by this court,
and the cause was remanded for a new trial.  *Decker v. Mc-
Sorley,* 111 Wis. 91–102, 86 N. W. 554.  At the close of such
new trial the jury returned a special verdict to the effect
(1) that the defendant's horse was running at large in the
streets of the city of La Crosse, contrary to the ordinance in
evidence, at the time of the alleged injury to Blair Decker;

(2) that the parents of the deceased child were not, either of them, guilty of any want of ordinary care which in any way contributed to the injury; (3) that the plaintiff's deceased son was kicked by the defendant's horse September 23, 1899; (4) that the defendant's horse had no propensity to kick or bite; (6) that such wrongful act of allowing the horse to run at large was the proximate cause of the death of Blair Decker; (7) that they assessed the plaintiff's damages at $560. From the judgment entered thereon in favor of the plaintiff for the amount last stated the defendant brings this appeal.

For the appellant there was a brief by *Higbee & Bunge,* *Thomas Morris,* and *Paul W. Mahoney,* and oral argument by *E. C. Higbee.*

For the respondent there was a brief by *Bleekman & Bloomingdale,* and oral argument by *F. H. Bloomingdale.*

CASSODAY, C. J. Most of the questions going to the merits of the controversy were determined on the former appeal. 111 Wis. 91, 86 N. W. 554. The ordinance is given in the opinion in that case, and declares that "no horse . . . shall be *permitted* to run at large in the city at any time, nor be herded or pastured in or upon any street of said city, nor be permitted to graze or feed in any of said streets, except," etc., and that any person "who shall permit the same" to so run at large shall be punished as therein prescribed. It was there, among other things, held that evidence that the horse "had frequently been at large in the streets was admissible as tending to show that it was at large with the *knowledge* and assent or *permission* of the defendant." In speaking of that question, it was said in the opinion of the court by Mr. Justice WINSLOW:

"It was competent, and in fact necessary, therefore, for the plaintiff to show in some way that the horse was at large with the knowledge and assent or permission of the owner. It was

a case where the knowledge or intent of the defendant was in question, or, perhaps, more accurately, where it was necessary to show that the act in question was not accidental; and in such cases the rule is quite well settled that similar acts, though collateral in their nature, may be shown as tending to throw light on the knowledge or intent of the party." Id.

The learned trial judge manifestly attempted to follow the former opinion in this case; but it is claimed that in charging the jury upon the first question submitted he authorized them to find that the horse was at the time running at large contrary to the ordinance, even if he was so running at large without the knowledge, assent, or permission of the defendant. The portions of the charge to which exceptions were taken are as follows:

"The mere accidental escape of the defendant's horse without her knowledge, *or its escape without her fault or negligence,* would not be a violation of the ordinance. . . . If the defendant's horse was reasonably secured in her barn, or in any other inclosure, and the defendant was *in the exercise of ordinary care and diligence* in confining such horse, or in attempting so to do, the horse would not be running at large, if by some accident, or for any other cause, for which the defendant *was not at fault or negligent,* he got out of the barn or other inclosure, and went upon the streets of said city; at least not until the defendant had reasonable time to have discovered that such horse had gotten away, and had also had a reasonable time in which to secure or retake him into her possession and keeping. . . . When an animal has escaped from its owner's premises, where it has been confined, where ordinary care or protection has been taken to secure it and keep it confined, and *there is no fault or negligence on the part of the owner,* and the owner, upon discovery of the escape of such animal, makes reasonable effort to secure and recover such animal, such animal is not running at large within the meaning of this ordinance."

The particular clauses of such portions of the charge to which objections are made are these: "Or its escape without her fault or negligence," "in the exercise of ordinary care

and diligence in confining such horse," "for which the defendant was not at fault or negligent," "or at least some fault or negligence on the part of the owner." Of course, negligence may be so reckless or gross as to be equivalent to wilful misconduct. *Bolin v. C., St. P., M. & O. R. Co.* 108 Wis. 333, 84 N. W. 446. But negligence, as generally understood, is the mere absence of ordinary care. No degree of mere carelessness or inadvertence constitutes gross negligence or wilful misconduct. *Watermolen v. Fox River E. R. & P. Co.* 110 Wis. 153, 85 N. W. 663; *McClellan v. Chippewa Valley E. R. Co.* 110 Wis. 326, 85 N. W. 1018. In *Montgomery v. Breed,* 34 Wis. 649, 652, the court had under consideration a statute which imposed penalties upon the owner of certain animals "who shall *permit* or for any reason *suffer* the same to run at large." In the opinion of the court it is said:

"The words used imply a *choice or design* on the part of the owner to allow the animal to go at large, when he might restrain and keep it in his own premises, or within a proper inclosure." Id.

As indicated, on the former appeal in this case it was said to be a "case where the knowledge or intent of the defendant was in question," and that it was necessary for the plaintiff to show "that the horse was at large with the knowledge and assent or permission of the owner." The defendant cannot properly be held liable under the ordinance for mere negligence. There may be adjudications under similar ordinances or statutes of other states holding a broader liability, but we are satisfied with the correctness of the decisions of this court above cited.

2. Counsel for the defendant contends that the damages are excessive. Of course, under the statute, the jury can only properly "give such damages . . . as they shall deem fair and just in reference to the pecuniary injury resulting from such death to the relatives of the deceased, specified" in the statute. Sec. 4256, Stats. 1898. Numerous cases have been

before this court under that statute, and the rule as to the measure of damages in such cases has been clearly defined, and there is no occasion for reiteration here. *Thompson v. Johnston Co.* 86 Wis. 576, 57 N. W. 298; *Thoresen v. La Crosse City R. Co.* 94 Wis. 129, 133, 68 N. W. 548; *Luessen v. Oshkosh E. L. & P. Co.* 109 Wis. 94, 85 N. W. 124. As there must be a new trial, and as the evidence may be different, we refrain from further observations upon the question.

By the Court.—The judgment of the circuit court is reversed, and the cause is remanded for a new trial.