NIEDERFRIEDRICH, Appellant, vs. MILWAUKEE ELECTRIC RAILWAY & LIGHT COMPANY, Respondent.

*October 8—October 26, 1915.*

*Street railways: Collision with vehicle on track: Contributory negligence: Gross negligence.*

1. In an action for injuries sustained when a north-bound street car struck plaintiff's wagon from the rear, the evidence most favorable to plaintiff—showing, among other things, that he drove slowly northward on the north-bound track of a double street railway track for more than 250 feet without looking to the rear, during the greater portion of which time he could have seen the approaching car had he looked, and that there was ample room to travel elsewhere than on the track in safety and comfort,—is *held* to show contributory negligence as matter of law.

Niederfriedrich v. Milwaukee E. R. & L. Co. 161 Wis. 439.

2. The conclusion of the trial court that there was no evidence that the motorman of the car was guilty of gross negligence is *held* not so clearly wrong that it should be disturbed.

APPEAL from a judgment of the circuit court for Milwaukee county: OSCAR M. FRITZ, Circuit Judge. *Affirmed.*

Personal injuries resulting from a street-car collision. Both negligence and gross negligence on the part of the motorman are alleged in the complaint. At the close of the evidence the trial judge directed a verdict for the defendant and the plaintiff appeals. The evidence tended to show the following facts: At about 8:30 o'clock on the morning of June 18, 1914, the plaintiff, a painter and decorator, was driving north on Thirty-fifth street in the city of Milwaukee in a light wagon containing painters' supplies and drawn by one horse. The street has a double railway track and runs due north and south. It is crossed by Chestnut street, which runs due east and west. Thirty-fifth street is not paved, and the space to the east of the double track was in bad condition for travel, hence teams and vehicles used the space occupied by the tracks and space west of the tracks for travel. Plaintiff came into Thirty-fifth street from the west on Chestnut street. As he drove in to Thirty-fifth street he looked south on that street and saw no car. Thirty-fifth street slopes to the north from a point about a block south of its intersection with Chestnut street. From that intersection a car approaching from the south could be seen at a distance of 587 feet and no more. Plaintiff was familiar with the street. He testifies that he looked south again after crossing the north crosswalk of Chestnut street ten or fifteen feet, but saw no car; he was then driving on the street-car tracks with his right wheels between the east or north-bound rails, and his left wheels between the two tracks; he drove north with his horse at a slow walk and without looking back until he came nearly or quite to the south line of the Steinman lumber yard on the west side of the street, which is 318 feet north of the north line of

Chestnut street; here he heard a car coming from the south and looked around, saw that it was within ten or fifteen feet of him, turned his horse and wagon sharply to the west, but was unable to escape entirely from the danger zone, and the car struck the hub of the right-hand rear wheel, throwing the wagon suddenly forward and upward and precipitating him over the front thereof, while the horse ran away. The evidence of the motorman was to the effect that the plaintiff was driving on the south-bound track as the car approached on the north-bound track; that the wagon was far enough to the west to be clear of the overhang of the car; and that as the car reached about the rear of the wagon the plaintiff turned to the right and the car struck the rear wheel of the wagon. The axles of the wagon were bent, the reach broken, and a step on the right shaft broken off. The estimates as to the speed of the car varied from ten or twelve to twenty or twenty-five miles per hour.

For the appellant there was a brief by *Carl H. Juergens,* attorney, and *Schmitz, Wild & Gross,* of counsel, and oral argument by *Mr. E. J. Gross* and *Mr. Juergens.*

For the respondent there was a brief by *Van Dyke, Shaw, Muskat & Van Dyke,* and oral argument by *James D. Shaw.*

WINSLOW, C. J. The trial judge held that, construing the evidence most favorably to the plaintiff, it appeared that he traveled northward on the north-bound track more than 250 feet without looking to the rear, and that during the greater part of that time he could have seen the approaching car had he looked. This he held to constitute contributory negligence. The trial judge further held that the evidence would not justify a finding of gross negligence.

It is not possible for us to say that the conclusion of the trial judge as to the plaintiff's contributory negligence was clearly wrong; in fact it seems to have been clearly right. *McClellan v. Chippewa Valley E. R. Co.* 110 Wis. 326, 85

N. W. 1018.   This is not the case of a highway all parts of which are impassable or dangerous except the part occupied by the street railway track, as was the case of *Kowalkowski v. M. N. R. Co.* 157 Wis. 473, 146 N. W. 801.   There was ample room to travel elsewhere than on the track in safety and comfort, but the plaintiff (if we are to believe his own story) chose to travel on a track which he knew was used by cars going northward and never looked back or took the slightest precaution for his own safety while his horse slowly walked about 300 feet.

Another consideration seems very persuasive.   The conceded facts amount almost if not quite to a demonstration that the plaintiff was not, as he claims, traveling on the north-bound track, but that he turned into that track from the west and without looking just before the car struck him.   It is undisputed that the wagon was first struck on the hub of the right rear wheel, that the car then scraped along the side of the wagon, striking the hub of the right front wheel, and knocking off the small iron step projecting out from the right shaft.   This seems practically impossible if, as plaintiff testifies, his wagon was on the track and he turned quickly to the west to get out of the way of the car.   In this event the car, if it struck the wheel at all, must necessarily strike the felly rather than the hub, and the car could never scrape along the side of the wagon as was the case here.   On the other hand, this would be the result naturally to be expected if the plaintiff was just turning upon the track when the car struck the wagon.

As to the claim that there was evidence of gross negligence which should have gone to the jury, the answer is not so plain, but we are entirely satisfied that it cannot be said that the trial judge was wrong in his conclusion.

*By the Court.*—Judgment affirmed.