[No. 15442.   Department One.   January 12, 1920.]

J. W. WILLIS, *Respondent*, v. E. G. GERKING, *Appellant*.[1]

ANIMALS—TRESPASSING—"RUNNING AT LARGE"—KNOWLEDGE AND CONSENT OF OWNER—DAMAGES—STATUTES—CONSTRUCTION.   Treble damages for injuries committed by trespassing swine, "suffered to run at large," under Rem. Code. § 3174, cannot be recovered on mere proof of the trespass, it being necessary to show that they were running at large with the consent or knowledge of the owner; "suffer" meaning to "permit."

Appeal from a judgment of the superior court for Okanogan county, Neal, J., entered May 17, 1917, upon findings in favor of the plaintiff, in an action for damages for trespass, tried to the court.   Reversed.

*Joseph A. Merva* and *Smith & Brown,* for appellant.
*J. W. Graham,* for respondent.

PARKER, J. — The plaintiff Willis commenced this action in the superior court for Okanogan county, seeking recovery of damages which he claims to have suffered from the destruction of his grain by hogs belonging to the defendant Gerking, while the hogs were

[1] Reported in 186 Pac. 1064.

trespassing on plaintiff's land on two different occasions. Treble damages in the sum of $201.45, and further damages of fifty cents per day for the feed and care of the hogs from November 23, 1916, were claimed by plaintiff under Rem. Code, § 3174, reading as follows:

"If any swine shall be suffered to run at large in any county of this state contrary to the provisions of this act, and shall trespass upon the land of any person, the owner or person having possession of such swine shall be liable for all damages the owner or occupant of such land may sustain by reason of such trespass; and for a second or subsequent act of trespass by such swine, such owner or person shall be liable for treble the amount of damages done by the same."

Trial in the superior court sitting without a jury resulted in findings and judgment awarding to plaintiff recovery for the first trespass in the sum of $10, and for the second trespass in the sum of $40. The latter amount being trebled by the court, the judgment was rendered for $130. From this disposition of the case, the defendant has appealed to this court.

The only question here presented which we deem worthy of serious consideration is as to whether or not the trial court erred in awarding treble damages for the second trespass. The trial court made no special findings touching the question of the hogs being "suffered to run at large," finding only that the hogs trespassed upon respondent's land and caused the damages complained of, on October 30 and November 14. The judgment seems to have been rested by the trial judge upon the theory that the fact of the trespass was of itself sufficient to call for the conclusion that the hogs were "suffered to run at large" by appellant, their owner, at the time of each trespass.

This court has adopted the view, in harmony with

the law generally announced elsewhere in this country, that when a statute awards damages in a greater amount than is actually suffered by the injured party, the statute is in that respect penal in its nature, is to be strictly construed in favor of the defendant, and the plaintiff must clearly bring himself within its provisions in order to recover more than his actual loss. Such was in substance the holding in *Gardner v. Lovegren*, 27 Wash. 356, 67 Pac. 615, where the question was reviewed and a number of decisions by the courts of other states noticed. Now it seems plain that while appellant is in any event entitled to recover damages in this case measured by his actual loss, he is not entitled to recover treble damages for the second trespass unless the hogs were, at the times in question, "suffered to run at large" by appellant, their owner, within the meaning of § 3174. Counsel for respondent argues, and the trial court seems to have held, that the mere fact that the hogs trespassed upon respondent's land, off the land of appellant, is conclusive that they were then "suffered to run at large" by appellant, regardless of his intent or knowledge of their being at large, and even regardless of his negligence resulting in their being at large.

It seems to us that the words "suffered to run at large," as used in Rem. Code, § 3174, in so far as these words touch the question of treble damages, mean to run at large as the result of the knowledge and consent of the owner. Of course it may be that such knowledge and consent might be inferred from gross negligence on the part of the owner in connection with his attempted or pretended restraining of his hogs—that is, his restraining of his hogs might be of such a nature that it could be said to constitute only a mere pretence in that regard, and amount, in effect, to his consent to their running at large. But

we have no finding of the trial court here touching
the question of consent on the part of appellant to his
hogs running at large, and a reading of the evidence
convinces us that there is nothing therein that war-
rants any finding upon this question against appellant.
We think there is nothing in this record lending sub-
stantial support to the contention of counsel for re-
spondent that the hogs were "suffered to run at
large" by appellant, other than the fact that the hogs
committed these two trespasses.

In *Decker v. McSorley,* 116 Wis. 643, 93 N. W. 808,
the court had under consideration a city ordinance
making it a punishable offense for the owner of a
horse to "permit" it to run at large in the city, the
court holding, in substance, that, in order to render
the owner guilty under the ordinance, the horse must
be at large with the knowledge and assent of the
owner. In *Ball Ranch Co. v. Hendrickson,* 50 Mont.
220, 146 Pac. 278, there was involved the question of
a ram running at large in violation of the statute of
that state. Among other observations made by the
court in that decision, we note the following:

"Section 1881 is as follows:

" 'It is unlawful for any owner or person having the
management or control of any ram or he-goat to permit
the same to run at large between the first day of
August and the first day of December of each year.'

"Section 1882 provides a penalty for violation of
the provisions of Section 1881. To permit the ram or
he-goat to run at large constitutes the offense under
the statute, and not alone the running at large. The
chief difficulty encountered in construing the statute
seems to be in determining the proper definition of
the word 'permit' as used therein. 'The language (of
a statute) is to be understood in its usual and ordi-
nary significance.' *Osterholm v. Boston & Mont. C. C.
& S. Min. Co.,* 40 Mont. 508, 528, 107 Pac. 499, 505.

Webster's definition of the word 'permit' is: 'To allow by tacit consent, or by not hindering; take no steps to prevent; consent tacitly to.' Other judicial definitions to the same effect can be found in Words and Phrases, some of which are: 'To allow by not prohibiting.' 'Permit means not to prohibit or prevent.' These definitions, we believe, show the usual and ordinary significance of the word 'permit.' Accepting them as correct, we are forced to the conclusion that if a ram or he-goat run at large without the tacit consent of those in control, or if those in control make a reasonable effort to hinder or prevent such animals from running at large, then no offense has been committed under the statute."

We think these remarks of the Montana court are equally applicable to the word "suffer" as used in Rem. Code, § 3174. The Standard Dictionary defines "suffer" as follows:

"To refrain from forbidding or preventing; grant leave or assent to; permit; allow; tolerate; let;"

We conclude that the trial court fell into error in awarding respondent treble damages for the loss resulting to him from the second trespass of the hogs; and that he was entitled only to his actual loss of $40 resulting from that trespass, and his actual loss of $10 resulting from the first trespass. The judgment is, to this extent, reversed, and the cause remanded to the trial court with directions to correct its judgment accordingly, by awarding respondent a total recovery of $50 only. Appellant is awarded his costs incurred upon this appeal to this court.

HOLCOMB, C. J., MACKINTOSH, MITCHELL, and MAIN, JJ., concur.